UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| as Broadcast Licensee of the July 21, 2007 ) | |
| Hopkins/Wright Program, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV2058 JCH |
| ) | |
| ANTHONY SCARATO, Individually, and as ) | |
| officer, director, shareholder and/or principal of ) | |
| ANTHONINOS TAVERNA, LLC, d/b/a ) | |
| ANTHONINOS TAVERNA, and ) | |
| ANTHONINOS TAVERNA, LLC, d/b/a ) | |
| ANTHONINOS TAVERNA, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b) of Defendant Anthony Scarato ("Scarato"), Individually, and as Officer, Director, Shareholder and/or Principal of Anthonino's Taverna, LLC, d/b/a Anthonino's Taverna ("Motion to Dismiss"), filed February 26, 2008. (Doc. No. 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff J&J Sports Productions, Inc. ("J&J") contracted for the right to distribute the Hopkins/Wright boxing program (the "Program"), which was scheduled for July 21, 2007, via closed circuit television and encrypted satellite signal. (Compl., ¶15).[1] Pursuant to the contract, J&J entered into subsequent agreements with various entities in Missouri, allowing them to exhibit the Program

---

[1] According to J&J, the Program originated via satellite uplink, and subsequently was re-transmitted to cable systems and satellite companies via satellite signal. (Compl., ¶15).

to their patrons. (Id., ¶ 16). J&J expended substantial monies to transmit the Program to those entities. (Id., ¶17).

Scarato is a member of the limited liability company known as Anthonino's Taverna, LLC, d/b/a Anthonino's Taverna ("Taverna"). (Compl., ¶7 and Answer thereto). As such, Scarato (and other members of the limited liability company) had the rights of control and supervision over the business activities at the Taverna. (Compl., ¶8 and Answer thereto).

According to J&J, on July 21, 2007, Defendants exhibited the Program without authorization. (Compl., ¶ 18). Specifically, J&J alleges that Scarato, the Taverna, and/or their agents, servants, workmen, or employees knowingly and unlawfully intercepted, received, and/or de-scrambled the satellite signal and exhibited the Program at the time of its transmission, "willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Id.). While J&J admits it is unable to determine the precise manner in which Defendants obtained the programming, it relies on the fact that the Program was exhibited without authorization to show that it was in fact illegally intercepted. (Id., ¶ 19).

In its Complaint, filed December 14, 2007, J&J alleges Defendants Scarato, individually and as an officer, director, shareholder and/or principal of the Taverna, and the Taverna: unlawfully received and published communications, in violation of 47 U.S.C. § 605(a) (Count I); modified or utilized equipment, knowing or having reason to know the equipment is primarily used for the unauthorized decryption of satellite cable programming or other prohibited activities, in violation of 47 U.S.C. § 605(e)(4) (Count II); and intercepted and exhibited the Program over a cable system without authorization, in violation of 47 U.S.C. § 553 (Count III). (Doc. No. 1, ¶¶ 14-36).

As stated above, Scarato filed the instant Motion to Dismiss on February 26, 2008, maintaining J&J's Complaint against him must be dismissed under Fed.R.Civ.P. 12(b)(5) for

insufficient service of process,[2] and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 7).[3]

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 335 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

Scarato's Rule 12(b)(6) Motion to Dismiss states in its entirety as follows:

> Further, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that since Plaintiff admits it "is unable to determine the manner in which Defendants obtained the programming," (Complaint, p. 4), Plaintiff's Complaint is based entirely on speculation and conjecture, and Plaintiff does not even allege that this individual Defendant ordered the programming at issue, but only alleges that he is personally liable for the liability of the limited liability company.

---

[2] J&J filed an affidavit of service as to Scarato on March 5, 2008, indicating he had been served personally on February 29, 2008. (Doc. No. 9). As such, service was timely pursuant to Fed.R.Civ.P. 4(m), and there exist no grounds for dismissal under Fed.R.Civ.P. 12(b)(5).

[3] In his reply memorandum, filed March 10, 2008, Scarato further asserted J&J's counsel is not authorized to practice before this Court. (Doc. No. 11, P. 1). This allegation is without merit, as J&J's attorney's Motion for Leave to Appear Pro Hac Vice was granted in a docket text order entered December 20, 2007.

(Doc. No. 7, P. 2). Scarato thus has two arguments for why the claims against him should be dismissed. First, he asserts J&J's claims must fail, as they allege only that the Program was pirated, and not the manner in which this was accomplished. The statutes at issue in this action hold someone liable for pirating media or creating a device to pirate it; thus, the necessary allegation is that the Program was intercepted, not how it was intercepted. The Court finds J&J has plead facts sufficient to show the Program was in fact intercepted without authorization, and so Scarato's Motion to Dismiss on this basis must be denied.

Scarato next asserts J&J has not plead facts sufficient to show that he was directly involved in the pirating activity. Upon consideration, the Court will deny this portion of his motion as well, as J&J clearly asserts, "*defendants*....unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain." (Compl., ¶ 18 (emphasis added); see also ¶¶ 26, 32 (asserting personal involvement on the part of Scarato for Counts II and III)).[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Scarato's Motion to Dismiss (Doc. No. 7) is **DENIED**.

Dated this 14th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] In light of these allegations of direct involvement, the Court need not address J&J's assertion that Scarato may be held vicariously liable for the wrongdoing.